### FEDERAL ENERGY REGULATORY COMMISSION
### WASHINGTON, D.C. 20426

ORAL ARGUMENT SCHEDULED FOR FEB. 20, 2025

February 12, 2025

*Via ECF*

Clifton B. Cislak
Clerk of the Court
United States Court of Appeals
  for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re:**   *Appalachian Voices, et al. v. FERC*
Case Nos. 24-1094, 24-1150
Response to Intervenor Mountain Valley's Feb. 5, 2025 Rule 28(j) Letter and to Petitioners' Feb. 11, 2025 Response

Dear Mr. Cislak:

As explained by Intervenor's letter, Mountain Valley has now submitted for Commission review the expected certificate amendment application. *See* FERC Br. 20-23, 34-37.

This post-record development does not affect the merits of the pending appeal. As previously explained, this application will be studied in due course under the relevant statutory standards. FERC Br. 35, 43 (citing Rehearing Order P 16, JA 414). The parties acknowledge that fact. *See* Feb. 11 Response at 1 (citing Feb. 5 Letter at 2). Procedurally, the Commission found that proposing a certificate amendment would be appropriate under these anticipated circumstances. FERC Br. 36-37. And Petitioners may raise any

concerns about the substance of Mountain Valley's application in forthcoming proceedings. *See id.* 62; Intervenor Br. 5.

Though this development does not affect the merits of the pending appeal, it does raise prudential questions about the pending appeal's proper disposition. Regardless of the outcome here, additional Commission analysis of the Southgate Project is forthcoming. If the application is granted, the amended certificate would address the project's construction and in-service deadlines, superseding the deadline that is the subject of this appeal. *See, e.g.*, *Port Arthur Pipeline, LLC*, 173 FERC ¶ 61,073, at Ordering para. (H) (2020).

Given that possibility, to promote judicial economy, the Court could consider—and the Commission would not object to—holding this appeal in abeyance pending a final agency order on Mountain Valley's amendment application. *See, e.g., Sunflower Elec. Power Corp. v. FERC*, Order, Case Nos. 23-1264 *et al.* (issued Dec. 26, 2024) (ECF No. 2091448) (holding appeal in abeyance, post-briefing and oral argument, given potential for it to become moot following developments at the Commission). However, the precise post-record "real-world consequences" of abeyance appear disputed. Petitioners state that landowners along the entire certificated route continue to face eminent domain risks, *see* Feb. 11 Response at 2, while Mountain Valley states that it already possesses nearly all of the property rights required for a redesigned project and anticipates acquiring the balance "without the use of eminent domain." Application at 10.

>*/s/ Jason T. Perkins*
>Tel.: (202) 502-6413
>jason.perkins@ferc.gov
>
>*Counsel for Respondent*
>*Federal Energy Regulatory Commission*

cc: service list

*Appalachian Voices, et al v. FERC*
<u>D.C. Cir. Nos. 24-1094, 24-1150</u>

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 12, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> */s/ Jason T. Perkins*
> Jason T. Perkins
> Attorney

Federal Energy Regulatory Commission
888 First Street, NE
Washington, DC 20426
Telephone: (202) 502-6413
Email: jason.perkins@ferc.gov

February 12, 2025